UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MERCEDES BENZ OF ST. CLAIR SHORES,

    Plaintiff,

V

DRUG ENFORCEMENT ADMINISTRATION,
THE UNITED STATES OF AMERICA, and
MAURICE HAGGEN,

    Defendants.

Civil Acton No. 19-11954
Judge Judith E. Levy

| | |
|---|---|
| Anthony Adams (P33695)<br>MARINE ADAMS LAW PC<br>400 Renaissance Center, Suite 2600<br>Detroit, Michigan 48243<br>(313) 961-5535; Fax (313) 961-9897<br>aadams@marineadamslawpc.com | GJON JUNCAJ (P63256)<br>ASSISTANT UNITED STATES ATTORNEY<br>211 W. Fort St., Suite 2300<br>Detroit, MI 48226<br>Gjon.juncaj@usdoj.gov |

## **FIRST AMENDED COMPLAINT**

Now comes the Plaintiff, Mercedes Benz of St. Clair Shores, by and through its attorneys, Marine Adams Law PC, and for its FIRST AMENDED COMPLAINT against the Defendants, Drug Enforcement Administration, United States of American and Maurice Haggen, states as follows:

### **PARTIES**

1. Plaintiff, Mercedes Benz of St. Clair Shores (hereinafter Plaintiff or MBSCS) is a licensed automobile dealer located at 20200 E.9 Mile Road, St. Clair Shores, Michigan.

2. Defendant, the Drug Enforcement Administration (hereinafter DEA), is an agency of the United States of America.

3. Defendant, the United States Attorney's Office for the Eastern District of Michigan Office, is the prosecuting agency for the DEA.

Marine Adams Law PC • 400 Renaissance Center, Suite 2600• Detroit, MI 48243 • Phone: (313) 961-5535 • Fax: (313) 961-9897

4. Defendant, Maurice Haggen (hereinafter Purchaser or Buyer) is an individual who resides in Eastpointe, Michigan.

## JURISDICTION

5. The United States District Court for the Eastern District of Michigan has original jurisdiction over this matter by virtue of the fact that this action arises out of actions being taken by the DEA and the United States Attorney's Office for the Eastern District of Michigan. 28 USC Section 1331. Specifically, this complaint alleges violations of the United Sates Constitution, 4th and 5th Amendments to the US Constitution, 18 USC 983(d) and 21 USC Sections 881(a) as they relate to the below identified warrant matter, see also Exhibit A:

> In the Matter of the Seizure of  )
> (Briefly describe the property to be seized)  )
> $47,500 down payment paid on or about May 31, 2019 to  )   Case No.
> Mercedes-Benz as further described below  )
>  )
>  )
>
> Case: 2:19-mc-50918-2
> Judge: Edmunds, Nancy G.
> Filed: 06-20-2019
> IN RE: SEALED MATTER (MAW)
>
> **WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE**

6. The United States District Court for the Eastern District of Michigan has pendent jurisdiction over Plaintiff's individual claim against Defendant Maurice Haggen as he is an indispensable party to resolution of Plaintiff's claim against the DEA and United State Government. 28 USC Section 1367.

## VENUE

7. Venue is appropriate because this cause of action arises out of conduct, which occurred within the jurisdictional boundaries of the US District Court for the Eastern District of Michigan which encompasses the city of St. Clair Shores, Macomb County, Michigan.

## COMMON ALLEGATIONS

8. Approximately a year and a half ago Purchaser ordered a 2019 Mercedes G63 Truck (hereinafter Truck) from Mercedes Benz of St. Clair Shores (hereinafter MBSCS).

9. Previously, Purchaser had ordered other vehicles from MBSCS.

10. Due to problems with delivery and production of the Truck, he requested that his salesperson locate a 2014 Rolls Royce Wraith for purchase (hereinafter Car).

11. As is customary for the car industry, a credit application was taken over the phone to determine whether Purchaser could quality for financing for the Car.

12. Purchaser provided his social security number as verification for the application to be submitted. A copy of the application is attached as Exhibit B.

13. Since the Car is a high dollar luxury vehicle, MBSCS required Buyer to make a substantial **non-refundable** advanced payment and receive financing in order to move forward with the purchase. This is the custom and practice of the industry.

14. Purchaser was advised that MBSCS would require an advance payment of Forty-Seven thousand Five Hundred ($47,500) dollars from him in order to secure the delivery of the vehicle following approval of his financing application. He was further advised that this advance payment would be non-refundable.

15. On May 23, 2019, MBSCS was advised by Lake Trust Credit Union that Buyer's financing had been approved. A copy of said approval is attached as Exhibit C.

16. On May 31, 2019, Buyer came to MBSCS and made the required advance payment for the car to finalize his obligation under the contract to MBSCS. A copy of said receipt is attached as Exhibit D.

Marine Adams Law PC • 400 Renaissance Center, Suite 2600• Detroit, MI 48243 • Phone: (313) 961-5535 • Fax: (313) 961-9897

17. On May 31, 2019, MBSCS also prepared an application to transfer title to the vehicle to the Buyer. A copy of said title transfer is attached as Exhibit E.

18. A Dealer Section card was also prepared summarizing the transaction. A copy of said document is attached as Exhibit F.

19. Because of the cash received from Buyer, an IRS Form 8300 was forward to the Internal Revenue Service. A copy of said form is attached as Exhibit G.

20. On June 3. 2019, MBSCS purchased the vehicle from Manheim for One Hundred and Sixty-Nine Thousand ($169,300.00) dollars. See Exhibit H.

21. Title to the vehicle was also received from Manheim. See Exhibit I.

22. MBSCS accepted delivery of the vehicle on June 7, 2019. See Exhibit J

23. Purchaser came to MBSCS and inspected the vehicle and accepted delivery.

24. Purchaser indicated to staff that he would try to return Saturday, June 8, 2019 to pick up the Car if he could get off work.

25. Purchaser subsequently advised MBSCS that he would come in on Monday, June 10, 2019 to pick up the Car.

26. On Monday, June 10, 2019, Buyer returned to MBSCS and informed staff that he was not going to accept delivery of the vehicle. He asked for a return of his advanced payment. This was refused because the advanced payment was non-refundable, as he had been previously advised.

27. MBSCS had fulfilled all obligations under its agreement with the buyer, making the advanced payment non-refundable as is the custom and practice of the industry.

28. On June 13, 2019, MBSCS received a Warrant to Seize Property Subject to Forfeiture attached as Exhibit A.

29. To date, Plaintiff holds no money that is subject to seizure because there is no deposit available to satisfy Defendants DEA's and US Attorney's Office's requirements.

30. As of this date Plaintiff has expended One Hundred and Sixty-nine thousand ($169,000.00) dollars, and will be harmed if this seizure warrant is enforced.

31. Given the substantial loss that will befall Plaintiff, Plaintiff believes that a direct action in US District Court for the Eastern District of Michigan is the best venue to resolve its claim against Defendants.

### COUNT I
### UNREASONABLE SEIZURE OF PROPERTY
### 4TH AMENDMENT
### (INNOCENT PURCHASER DEFENSE)

32. Plaintiff incorporates by reference the allegations contained within paragraphs 1 through 31.

33. Plaintiff believes that the funds sought by Defendant are not subject to forfeiture by it as it is an innocent purchaser for value with no knowledge of the source of funds used to purchase the vehicle.

34. That Plaintiff believes that there is no money available to satisfy Defendants' seizure warrant.

35. That Plaintiff, in the ordinary course of its business complied with all laws required by it to effectuate the purchase of the Rolls Royce Wraith by Defendant Haggen:

- Purchaser of the vehicle was required to provide positive proof of identification.
- A credit check was run on Purchaser.
- His credit was approved for financing.
- Purchaser was required to make an advance payment of funds to secure the purchase of the vehicle by MBSCS, that would be non-refundable.
- MBSCS expended $169,000.00 to purchase the vehicle.
- The vehicle was delivered to Plaintiff.

Marine Adams Law PC • 400 Renaissance Center, Suite 2600• Detroit, MI 48243 • Phone: (313) 961-5535 • Fax: (313) 961-9897

- The agreement between the parties was completed by virtue of delivery of the vehicle to MBSCS for Defendant Haggen.
- An IRS Form 8300 was forwarded to the United States government to document the transaction.

36. Based on these facts Plaintiff is entitled to "Innocent Owner" defense authorized under 21 USC Section 881.

WHEREFORE, Plaintiff request that the seizure warrant not be enforced.

### COUNT II
### UNREASONABLE SEIZURE OF PROPERTY
### 4TH AMENDMENT
### (LIEN HOLDER DEFENSE DEFENSE)

37. Plaintiff incorporates by reference the allegations contained within paragraphs 1 through 36.

38. Plaintiff believes that the funds sought by Defendant are not subject to forfeiture by it is an innocent purchaser for value with no knowledge of the source of funds used to purchase the vehicle.

39. That Plaintiff asserts that there is no money available to satisfy Defendants' seizure warrant.

40. That whatever monies Defendants DEA and Government thought was owed to the Purchaser no longer existed.

41. That Plaintiff, in the ordinary course of its business, complied with all laws required by it to effectuate the purchase of the Rolls Royce Wraith by Defendant Haggen and become the owner of all funds paid towards it purchase:

- Purchaser of the vehicle was required to provide positive proof of identification.
- A credit check was run on Purchaser.
- His credit was approved for financing.

Marine Adams Law PC • 400 Renaissance Center, Suite 2600• Detroit, MI 48243 • Phone: (313) 961-5535 • Fax: (313) 961-9897

- Purchaser was required to make an advance payment of funds to secure the purchase of the vehicle by MBSCS.
- MBSCS expended $169,000.00 to purchase the vehicle.
- The vehicle was delivered to Plaintiff.
- The agreement between the parties was completed by virtue of delivery of the vehicle to MBSCS for Defendant Haggen.
- An IRS Form 8300 was forwarded to the United States government to document the transaction.

42. Based on these facts Plaintiff is entitled to "Lien Holder Defense" authorized under 21 USC Section 881(a).

WHEREFORE, Plaintiff request that the seizure warrant not be enforced.

### COUNT III
### VIOLATION OF DUE PROCESS
### DENIAL OF DUE PROCESS OF LAW
### 5TH AMENDMENT

43. Plaintiff incorporates by reference the allegations contained within paragraphs 1 through 42.

44. That the Government has requested that Plaintiff prepare a cashier's check in order to satisfy the requirements of the seizure warrant.

45. That the request to produce a cashier's check from its own funds is being made without due process of law to Plaintiff because there is no determination of the validity of Plaintiff's ownership of the payment made by Purchaser.

46. That whatever right Purchaser made have had to the payment were extinguished by virtue of Plaintiff's honoring its contract with him.

Marine Adams Law PC • 400 Renaissance Center, Suite 2600• Detroit, MI 48243 • Phone: (313) 961-5535 • Fax: (313) 961-9897

47. That the absence of a process to challenge the procedure being utilized by Defendants denies it due process of law as that term has been interpreted under the 5th Amendment to the United States Constitution.

WHEREFORE, Plaintiff request that the seizure warrant not be enforced.

## COUNT IV
## BREACH OF CONTRACT
## DEFEND MAURICE HAGGEN (INDIVIDUALLY)

48. Plaintiff incorporates by reference the allegations contained within paragraphs 1 through 47.

49. That Plaintiff ordered a 2014 Rolls Royce Wraith at the direction Defendant, Maurice Haggen.

50. That MBSCS completely complied with the requirements of the contract by taking delivery of the vehicle from Manheim.

51. That after making multiple representations that he would come in and pick up the vehicle, Defendant Haggen has failed to complete his obligations under the contract to purchase.

52. That Defendant Haggen failed to perform his obligations under the contract in failing to accept delivery of the vehicle.

53. That Plaintiff has tried to sale the vehicle, but to no avail.

54. That as a direct and proximate result of Defendant Haggen's breach, Plaintiff has been damaged in the amount of One Hundred and Sixty -Nine Thousand ($169,000.00) dollars.

WHEREFORE, Plaintiff asks that Defendant Haggen be order to pay Plaintiff One Hundred and Sixty-Nine Thousand ($169,000.00) dollars.

Marine Adams Law PC • 400 Renaissance Center, Suite 2600• Detroit, MI 48243 • Phone: (313) 961-5535 • Fax: (313) 961-9897

Respectfully submitted,

MARINE ADAMS LAW, PC

By: /s/ Anthony Adams

**Anthony Adams, Esq. (P33965)**
*Counsel for Plaintiffs*
400 Renaissance Center, Suite 2600
Detroit, MI 48243
(313) 961-5535; Fax (313) 961-9897

Dated: July 2, 2019

Marine Adams Law PC • 400 Renaissance Center, Suite 2600• Detroit, MI 48243 • Phone: (313) 961-5535 • Fax: (313) 961-9897

## PROOF OF SERVICE

Service of the above referenced complaint as made pursuant to the e-filing system utilized in the United States District Court for the Eastern District of Michigan, by electronic service to the email of the United States Attorney for the Eastern District of Michigan, and by personal delivery of same to the US Attorneys' Office for the Eastern District of Michigan; first class mailing to Maurice Haggen as well as personal service.

Marine Adams Law PC • 400 Renaissance Center, Suite 2600• Detroit, MI 48243 • Phone: (313) 961-5535 • Fax: (313) 961-9897