# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Mercedes Benz of St. Clair Shores,

                    Plaintiff,       Case No. 19-11954

v.                            Judith E. Levy
                                 United States District Judge

Drug Enforcement Administration,
the United States of America, and   Mag. Judge Anthony P. Patti
Maurice Haggen,

                  Defendants.

_____/

## OPINION AND ORDER DISMISSING CASE WITH PREJUDICE AS TO DEFENDANT MAURICE HAGGEN

Plaintiff filed the complaint in this matter on July 1, 2019. (ECF No. 1.) Defendants were served on July 5, 2019. (ECF No. 7.) The Drug Enforcement Administration and the United States of America filed a motion to dismiss on August 28, 2019. (ECF No. 11.) To date, Defendant Maurice Haggen has not filed an answer. Fed. R. Civ. Pro. 12(a)(1)(A)(i).

On August 28, 2019, the Court ordered Plaintiff to show cause in writing by September 12, 2019 why this case should not be dismissed for Plaintiff's failure to prosecute as to Defendant Haggen, pursuant to

Eastern District of Michigan Local Rule 41.2. (ECF No. 15.) Plaintiff did not file any document by September 12, 2019, and even as of today, has not responded to the Court's order. Thus, Plaintiff did not comply with the Court's order and has not shown cause why this case should not be dismissed with prejudice as to Defendant Haggen for failure to prosecute.

There are four factors that a district court considers in dismissing a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). "Although typically none of the factors is outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* At 363.

Here, Plaintiff's conduct constitutes a clear record of delay supporting dismissal for failure to prosecute. Plaintiff, who has been

otherwise active in this case,[1] served Defendant Haggen on July 5, 2019, but has otherwise been completely unresponsive as to this Defendant for two months. Plaintiff had ample time to pursue Defendant Haggen's answer, or, following this Court's August 28, 2019 show cause order, to demonstrate why Plaintiff needed more time. Nevertheless, Plaintiff neglected to pursue its case. This conduct "shows willfulness and fault in that [Plaintiff] was at best extremely dilatory in not pursuing [its] claim, which indicates an intention to let [its] case lapse." *Shafer v. City of Defiance Police Dept.*, 529 F.3d 731, 739 (6th Cir. 2008). This factor supports the finding that Plaintiff's conduct amounts to a failure to prosecute.

Further, this Court's August 28, 2019 show cause order put Plaintiff "indisputably on notice" that its claim against Defendant Haggen depended on Plaintiff's continued activity in the case. *See id.* at 740. Plaintiff had two weeks to respond and failed to do so. This "key" factor therefore weighs heavily in favor of failure to prosecute. *See id.*

An additional factor in concluding that Plaintiff has failed to prosecute this case is whether this Court considered other lesser

---

[1] *See, e.g.*, ECF No. 8 (Plaintiff's July 10, 2019 Motion for Hearing to Quash Warrant and Obtain Return of Funds Seized).

sanctions before dismissal. However, the Sixth Circuit has "never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect" and is "loathe to require the district court to incant a litany of the available sanctions." *Id.* at 738. In this case, dismissal with prejudice is the first sanction for failing to prosecute, but it is also the appropriate sanction given Plaintiff's ample advanced notice that failure to pursue the claim would result in dismissal.

Finally, there is no evidence that the pendency of this litigation against Defendant Haggen prejudices him or the other Defendants in this case, the United States and the Drug Enforcement Administration. Though this factor leans against dismissal, it is outweighed by Plaintiff's marked failure to pursue its own case as to Defendant Haggen, even with the Court's encouragement.

Dismissal for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)

(internal quotations omitted). "A district court must be given substantial discretion in serving these tasks." *Id.*

Accordingly, for the reasons set forth above, the case is dismissed as to Defendant Haggen with prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated: September 18, 2019      s/Judith E. Levy
      Ann Arbor, Michigan       JUDITH E. LEVY
                                     United States District Judge