**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Mercedes Benz of St. Clair Shores,

        Plaintiff,        Case No. 19-11954

v.        Judith E. Levy
        United States District Judge

Drug Enforcement Administration,
the United States of America, and   Mag. Judge Anthony P. Patti
Maurice Haggen,

        Defendants.

_____/

**OPINION AND ORDER DENYING MOTION FOR HEARING TO QUASH WARRANT AND OBTAIN RETURN OF FUNDS SEIZED [8] AND GRANTING MOTION TO DISMISS [11]**

This case arises out of a dispute surrounding $47,500.00, which Defendant the United States government seized from Plaintiff Mercedes Benz of St. Clair Shores's bank account on or about July 1, 2019. (ECF No. 8, PageID.19.) The government argues that this Court does not have jurisdiction over this case and seeks dismissal. (ECF No. 11.) Specifically, the government argues that since it commenced administrative forfeiture proceedings under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, Plaintiff's only remedy for contesting the

seizure is through those proceedings and not through this separate case. (*Id.*) Plaintiff disagrees, challenges the propriety of the seizure, and seeks the return of funds. (ECF Nos. 8, 14.)

For the reasons set forth below, Defendant's motion to dismiss is granted and Plaintiff's motion for a hearing to quash the warrant and obtain return of the funds seized is denied.

**I.     Background**

Plaintiff is a car dealership, and an individual, Maurice Haggen,[1] sought to purchase a 2014 Rolls Royce Wraith from Plaintiff. (ECF No. 8, PageID.81.) Haggen provided a $47,500.00 down payment in cash to secure purchase of the vehicle following approval of his financing application. Then, Plaintiff purchased the vehicle from a third party for $169,300.00. Soon after, Haggen informed Plaintiff that he no longer wanted to purchase the vehicle. He requested that Plaintiff refund the $47,500.00 and Plaintiff refused.

Three days later, on June 13, 2019, the government served Plaintiff with a warrant for $47,500.00. Plaintiff refused to comply. The

---

[1] Haggen was dismissed with prejudice as a defendant on September 18, 2019. (ECF No. 16.)

government then obtained a second seizure warrant on June 28, 2019, this time directed at Plaintiff's bank, Chase, for the same amount. (ECF No. 11, PageID.129.) On or around July 1, 2019, Chase froze $47,500.00 from Plaintiff's account and sent a certified check to the Internal Revenue Service ("IRS") for that amount.

That same day, Plaintiff filed its complaint in this case. (ECF No. 1.) Plaintiff's complaint alleges the government's June 13, 2019 warrant violated its Fourth Amendment right against unreasonable seizure, arguing that both the innocent purchaser defense and the lienholder defense should apply. Plaintiff also alleges that the government violated the due process clause of the Fifth Amendment. The facts underlying Plaintiff's complaint center only around the June 13, 2019 warrant and do not mention the June 28, 2019 warrant.[2]

On July 10, 2019, Plaintiff filed a notice to quash the warrant and obtain return of the funds seized, arguing that the funds obtained from

---

[2] The complaint is dated June 28, 2019, but was filed on July 1, 2019, which is the same day that Chase froze the funds. Likely because of this timing, the complaint does not address the June 28, 2019 warrant. (ECF No. 1, PageID.9.) Accordingly, it is questionable whether Plaintiff's challenges to the June 28, 2019 warrant are properly before the Court. However, since the Court is dismissing this case on other grounds, it need not resolve this issue.

Chase arising out of the June 28, 2019 warrant should be returned to Plaintiff. (ECF No. 8.)

While Plaintiff's motion was pending with this Court, the government commenced separate administrative forfeiture proceedings under the CAFRA on July 17, 2019. (ECF No. 11-1, PageID.141–145.) CAFRA authorizes the government to seize and forfeit any property involved in a transaction or attempted transaction in violation of certain criminal statutes after obtaining a seizure warrant under Federal Rule of Criminal Procedure 41(a). 18 U.S.C. § 981(a),(b).

On August 17, 2019, Plaintiff responded to the CAFRA notice of intent by filing an administrative claim in those proceedings. (ECF No. 11-2, PageID.146–150.). In its claim, Plaintiff raised many of the same arguments it raises in this case. (*Id.*) The government then took the next step in the civil forfeiture proceedings and filed an action under CAFRA on November 12, 2019, which is currently pending in the United States District Court in the Eastern District of Michigan before Judge Gershwin A. Drain. (*See United States v. Currency $47,500 from JP Morgan Chase Bank Account No. xxxxx3957*, No. 19-13329 (E.D. Mich.); *and see* ECF No.

19-1.) Thus, there are two separate proceedings regarding the seizure of the $47,500.00: this case and the CAFRA proceedings.

## II. Legal Standard

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Relevant here, a factual attack "raises a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Wayside Church v. Van Buren County*, 847 F.3d 812, 817 (6th Cir. 2017) (citing *Gentek Bldg. Prods.,* 491 F.3d at 330) (internal citations omitted).

Defendant also moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

5

*Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court is "bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction." *Wayside Church v. Van Buren County*, 847 F.3d 812, 816 (6th Cir. 2017) (internal citation omitted). Additionally, where subject matter jurisdiction is challenged under Rule 12(b)(1), it is Plaintiff's burden to prove jurisdiction exists. *Id.*

### III. Analysis

The government correctly argues that this Court does not have jurisdiction to hear this case regarding the same subject matter as the CAFRA proceedings. In *Matthews v. Drug Enf't Admin.*, 629 Fed. App'x 723 (6th Cir. 2015), the Sixth Circuit upheld the district court's dismissal of the plaintiff's separate action against the government challenging a

6

forfeiture because the plaintiff received a notice of intent under CAFRA. There, the Court held that the only way that the plaintiff could pursue a separate case contesting the forfeiture would be if the plaintiff had been entitled to receive notice of intent but did not receive it. *Id.* at 726 (citing 18 U.S.C. § 983(e)(1)). But since the *Matthews* plaintiff did receive the notice of intent, dismissal of the plaintiff's case was appropriate.

In this case, Plaintiff received the government's notice of intent under CAFRA, which the government sent on July 17, 2019. (ECF No. 11-1.) Under *Matthews*, this is dispositive. Plaintiff not only received notice, it also availed itself of its right under CAFRA to file a claim on August 6, 2019. 18 U.S.C. § 983(a)(2)(A)–(C). (ECF No. 11-2.)

Further, it does not matter in this analysis that Plaintiff filed its case before the government initiated the CAFRA proceedings. Indeed, the same order of proceedings occurred in *Matthews*. *See Matthews*, 629 Fed. App'x at 727; *see also $8,050 in U.S. Currency v. U.S.*, 307 F. Supp. 2d 922, 926–27 (N.D. Ohio 2004) (declining to allow a plaintiff to bypass the statutory procedures where the government brought civil forfeiture actions, even if the civil forfeiture action was brought after plaintiff already instituted her separate legal complaint.)

7

Moreover, even if Plaintiff had not participated in the administrative forfeiture proceedings, it still would not be permitted to pursue this case. *See, e.g., In re $20,000 in U.S. Currency*, 523 Fed. App'x 322, 323 (6th Cir. 2013) (per curiam) (holding that the property owner was not entitled to relief under CAFRA because he received notice and failed to properly file a claim); *United States v. King*, 442 Fed. App'x 212, 213 (6th Cir. 2011) (per curiam) (holding that property owner was not entitled to relief under CAFRA because he was "given sufficient notice of the administrative forfeiture proceeding through certified mail").

The government argues that the Court should interpret Plaintiff's petition for a hearing to quash the warrant and obtain return of the seized funds as a Federal Rule of Criminal Procedure 41(g) motion. (ECF No. 11, PageID.133.) Rule 41(g) permits a party aggrieved by an unlawful seizure of property to move for the property's return. The Sixth Circuit has held that Rule 41(g) motions cannot be brought after the government has initiated civil statutory proceedings where the aggrieved party has an adequate remedy through those proceedings. *See e.g. Brown v. United States*, 692 F.3d 550, 552–53 (6th Cir. 2012) (upholding a district court's dismissal of plaintiff's lawsuit for lack of subject matter jurisdiction

where the government initiated civil proceedings under 19 U.S.C. § 853,[3] which provided the plaintiff with an adequate remedy for vindicating her interest in the seized funds) (citing *Shaw v. United States*, 891 F.2d 602 (6th Cir. 1989) (holding that once the government initiated civil proceedings against the plaintiff, she could not ignore those procedures and pursue a Rule 41(e) (now Rule 41(g)) motion). The Court need not go so far as construe to Plaintiff's petition as a Rule 41(g) motion to come to the same result as those cases.

Accordingly, Defendant's motion to dismiss is granted as the Court lacks subject matter jurisdiction to hear this case.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss and DENIES Plaintiff's motion to quash and obtain return of seized funds.

IT IS SO ORDERED.

Dated: December 17, 2019　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY

---

[3] Although the civil forfeiture action in *Brown* was not brought under the same statute applicable here, similar principles apply in that the plaintiff in *Brown* was required to follow the statutory procedures once the government initiated civil proceedings and could not bypass those proceedings through a separate lawsuit and Rule 41(g) motion.

9

United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, December 17, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager